**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO:

JAVAN CAMPBELL,

    Plaintiff,

v.

ALTIMEL, INC., and GLOBAL
GREEN REJUVENATION, LLC,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, JAVAN CAMPBELL ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files the following Complaint for Damages and Demand for Jury Trial against Defendants, ALTIMEL, INC. ("ALTIMEL"), and GLOBAL GREEN REJUVENATION, LLC ("GLOBAL"), (collectively referred to hereinafter as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Defendants have unlawfully deprived Plaintiff of federal overtime compensation during the course of his employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201-216, to recover all overtime wages owed to Plaintiff during the course of his employment. Defendants further violated federal law by terminating Plaintiff in direct response to his initiation of a Department of Labor investigation concerning the unlawful wage practices addressed herein.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the State of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, ALTIMEL was a Delaware corporation transacting business within Davie, Florida, within the jurisdiction of this Honorable Court. Defendant ALTIMEL's principal address in Florida is 3600 Hacienda Blvd. Suite F, Davie, Florida 33314.

4. During all times material hereto, Defendant, ALTIMEL was vested with authority to hire, fire, compensate, and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff.

5. Defendant ALTIMEL was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.[1]

6. During all times material hereto, Defendant, GLOBAL was a Florida limited liability company transacting business within Davie, Florida, within the jurisdiction of this Honorable Court. Defendant GLOBAL's principal address in Florida is 3600 Hacienda Blvd. Suite F, Davie, Florida 33314.

7. During all times material hereto, Defendant, GLOBAL was vested with authority to hire, fire, compensate, and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff.

8. Defendant GLOBAL was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

9. The acts or omissions giving rise to this lawsuit took place within the jurisdiction of this Honorable Court.

---

[1] On information and belief, from 2012 through December 31, 2019, Defendant ALTIMEL was the managing member of Defendant GLOBAL and controlled the day-to-day operations of GLOBAL.

10. The Corporate Defendants are headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

11. Venue is proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

12. In 2012, Defendants, GLOBAL and ALTIMEL, began operating out of Davie, Florida under the trade name of "AirRevive."

13. GLOBAL and ALTIMEL provide fan coil refurbishment and air handler maintenance services to customers throughout the United States. *See https://www.airrevive.com/company-history/* (last visited March 8, 2021).

14. In order to provide these services, GLOBAL and ALTIMEL hire individuals like Plaintiff as non-exempt hourly employees, to provide support services throughout the United States.

15. GLOBAL and ALTIMEL require their technicians to regularly and recurrently travel across state lines in order to provide services to its customers.

16. GLOBAL and ALTIMEL hired Plaintiff in 2014 as a non-exempt technician.

17. Plaintiff lacked the authority to hire, fire, or reprimand any employees during his employment with Defendants.

18. During all times material hereto, Plaintiff was a non-exempt employee.

19. Starting in approximately 2016 and continuing through September 21, 2019, GLOBAL and ALTIMEL compensated Plaintiff on an hourly basis of $24.50 per hour.[2]

20. GLOBAL and ALTIMEL required Plaintiff to work in excess of forty (40) hours in one or more workweeks but failed and/or refused to compensate Plaintiff proper overtime wages when he worked in excess of forty (40) hours per week as required under the Fair Labor Standards Act ("FLSA"). Plaintiff should have been compensated at a rate of $36.75 per hour for hours worked over forty (40) in a week during this time period.

21. On September 22, 2019, GLOBAL and ALTIMEL began to compensate Plaintiff $25.50 per hour but continued to refuse to compensate Plaintiff proper overtime wages when he worked in excess of forty (40) hours per weeks as required under the FLSA. Plaintiff should have been compensated at a rate of $38.25 per hour for hours worked over forty (40) in a week during this time period.

22. On information and belief, in late December 2019, GLOBAL and ALTIMEL entered into a merger agreement wherein ALTIMEL obtained full control the companies' operations and employees.

23. After the merger between the Corporate Defendants, ALTIMEL began operating and doing business in the State of Florida as "AirRevive" and took over the operations and liabilities of GLOBAL.

24. Following the corporate merger, ALTIMEL continued to compensate Plaintiff at a rate of $25.50 per hour and refused to compensate Plaintiff proper overtime wages when Plaintiff

---

[2] From 2014 through December 31, 2019, Defendant GLOBAL compensated Plaintiff for the work he performed for GLOBAL and ALTIMEL.

4

worked in excess of forty (40) hours per week. Plaintiff should have been compensated at a rate of $38.25 per hour for hours worked over forty (40) in a week.

25. In October 2020, Plaintiff verbally complained to Daryl Henderson, his direct supervisors, and Howard Schwartz, the owner of ALTIMEL, that he and other technicians were not being properly compensated overtime wages when he worked in excess of forty (40) hours per week.

26. These verbal complaints to Daryl Henderson, Howard Schwartz, and ALTIMEL went ignored.

27. When it became apparent that ALTIMEL was not going to correct its wage violations, Plaintiff contacted the United States Department of Labor ("DOL") to lodge a complaint against the Defendants.

28. Plaintiff advised the DOL that the Defendants refused to compensate him and similarly situated technicians. The DOL advised Plaintiff that the Defendants were, in fact, required to compensate Plaintiff overtime wages under federal law.

29. Plaintiff verbally notified the Defendants that the DOL had advised him that he was entitled to receive federal overtime wages when he worked in excess of forty (40) hours per week.

30. After Plaintiff engaged in this protected activity under the FLSA, the DOL began an investigation and audit into Defendants in February 2021. Plaintiff participated in this investigation and provided truthful information to the DOL regarding Defendants' business practices.

31. Plaintiff's verbal complaints to Defendants and participation in the DOL investigation and audit constitutes protected activity under the FLSA.

32. Just two (2) weeks after the DOL investigation started in February 2021, Defendant ALTIMEL terminated Plaintiff's employment.

33. Prior to Plaintiff engaging in protected activity under the FLSA, he had no significant history of disciplinary actions, and consistently performed his job more than satisfactorily.

## FLSA COVERAGE

34. Defendant GLOBAL is covered under the FLSA through enterprise coverage, as GLOBAL was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, GLOBAL was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. GLOBAL's business and Plaintiff's work for GLOBAL affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

35. During his employment with GLOBAL, Plaintiff handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: telephones, pens, notepads, wires, machinery, cellular telephones, computers, etc.

36. GLOBAL also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making GLOBAL's business an enterprise covered by the FLSA.

37. GLOBAL grossed or did business in excess of $500,000.00 per year in the years 2018, 2019 2020, and is expected to gross in excess of $500,000.00 in 2021.

38. Defendant ALTIMEL is covered under the FLSA through enterprise coverage, as ALTIMEL was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, ALTIMEL was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. ALTIMEL's business and Plaintiff's work for ALTIMEL affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

39. During his employment with ALTIMEL, Plaintiff handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: telephones, pens, notepads, wires, machinery, cellular telephones, computers, etc.

40. ALTIMEL also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making ALTIMEL's business an enterprise covered by the FLSA.

41. ALTIMEL grossed or did business in excess of $500,000.00 per year in the years 2018, 2019 2020, and is expected to gross in excess of $500,000.00 in 2021.

42. During all time periods pertinent hereto, Plaintiff was individually covered under the FLSA by virtue of the fact that Plaintiff was regularly and recurrently engaged in the use of instrumentalities of commerce. More specifically, Plaintiff regularly and recurrently used interstate transportation to effectuate the work he performed for Defendants. At a minimum, during his employment with Defendants, Plaintiff was required to use the interstate roadways and also airways to travel to locations such as Indiana, Georgia, California, Nevada, Iowa, and Illinois

to perform work for Defendants, such that he was individually covered under the FLSA during all pertinent time periods of his employment.

## FLSA VIOLATIONS

43. Defendants assigned Plaintiff to work in excess of forty (40) hours in one or more workweeks of this employment period.

44. Defendants failed to compensate Plaintiff at the rate of time-and-a-half his regular hourly rate for work he performed in excess of forty (40) hours per week during one or more workweeks during his employment period.

45. Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for overtime wages owed.

46. Defendants were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendant could avoid having to pay Plaintiff his lawful (and hard-earned) wages. Plaintiff is therefore entitled to liquidated damages under the FLSA and a three (3) year statute of limitations.

47. Based on the time records and payroll documents currently available to Plaintiff, it is estimated that from March 2018 through September 22, 2019, Plaintiff is entitled to recover at least $15,839.24 in unliquidated damages for this time period.

48. During this time period, Defendants willfully and intentionally violated the FLSA and Plaintiff is therefore entitled to recover an additional amount of $15,839.24 in liquidated damages.

49. Based on the time records and payroll documents currently available to Plaintiff, it is estimated that from September 22, 2019, through the end of February 2021, Plaintiff is entitled to recover at least $16,547.25 in unliquidated damages for this time period.

50. During this time period, Defendants willfully and intentionally violated the FLSA and Plaintiff is therefore entitled to recover an additional amount of $16,547.25 in liquidated damages.

51. As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.

### COUNT I – FEDERAL OVERTIME LAW VIOLATIONS – 29 U.S.C. § 207
**(Against GLOBAL)**

52. Plaintiff re-avers and re-alleges Paragraphs 1 through 51 above, as though fully set forth herein.

53. During one or more workweeks from March 2018 through the end of February 2021, Plaintiff performed work for Defendant GLOBAL that exceeded forty (40) hours in a workweek and Plaintiff did not receive the proper overtime premium for those hours.

54. Defendant GLOBAL's failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

55. To date, Defendant GLOBAL has not properly paid Plaintiff all of his overtime wages as required by the FLSA.

56. As a result of Defendant GLOBAL's refusal to remedy its violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, JAVAN CAMPBELL, demands judgment against Defendant, GLOBAL GREEN REJUVENATION, LLC, and respectfully requests that he be awarded the following relief: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorneys' fees

and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT II – FEDERAL OVERTIME LAW VIOLATIONS – 29 U.S.C. § 207
### (Against ALTIMEL)

57. Plaintiff re-avers and re-alleges Paragraphs 1 through 51 above, as though fully set forth herein.

58. During one or more workweeks during the relevant time period, Plaintiff performed work for Defendant ALTIMEL that exceeded forty (40) hours in a workweek and Plaintiff did not receive the proper overtime premium for those hours.

59. Defendant ALTIMEL's failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

60. To date, Defendant ALTIMEL has not properly paid Plaintiff all of his overtime wages as required by the FLSA.

61. As a result of Defendant ALTIMEL's refusal to remedy its violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, JAVAN CAMPBELL, demands judgment against Defendant, ALTIMEL, INC., and respectfully requests that he be awarded the following relief: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorneys' fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT III – FLSA RETALIATION – 29 U.S.C. § 215
### (Against ALTIMEL)

62. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 51 as though set forth fully herein.

63. In or around October 2020, Plaintiff first engaged in protected activity under the FLSA by verbally demanding that Defendants fully compensate him overtime wages he was owed under federal law.

64. Defendants had express knowledge of Plaintiff's protected activity, as Plaintiff verbally invoked his rights under the FLSA to his operational manager Daryl Henderson and the owner of ALTIMEL Howard Schwartz.

65. When Defendants failed to remedy the wage violations alleged herein, Plaintiff contacted the DOL and submitted a verbal complaint regarding the unlawful wage practices enforced by Defendants. The DOL began an investigation into Defendants in February 2021 and Plaintiff participated in this investigation and provided truthful information to the DOL regarding Defendants' pay practices and policies.

66. Plaintiff's verbal demands for overtime wages and his subsequent participation with the DOL investigation constitute protected activity under the FLSA.

67. Just two (2) weeks after Plaintiff engaged in protected activity under the FLSA by participating in the DOL investigation, Defendant ALTIMEL terminated Plaintiff in direct response to Plaintiff claiming entitlement to wages owed under federal law.

68. The temporal proximity of Plaintiff's termination to Plaintiff's invocation of his FLSA rights creates a presumption that Plaintiff's protected activity was the direct cause of his termination.

69. Any other justification given for Plaintiff's termination is pre-textual.

70. Defendant ALTIMEL's termination of Plaintiff constitutes unlawful retaliation that is prohibited under the FLSA.

71. Since his termination, Plaintiff has mitigated his damages by attempting to find alternative work, but as of the date of this filing, has been unsuccessful.

72. As a result of the unlawful termination, Plaintiff has suffered damages including lost back wages, lost front wages, emotional distress, pain and suffering, loss of reputation, and other damages that will be proven at trial.

73. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JAVAN CAMPBELL, demands judgment against Defendant, ALTIMEL, INC., and respectfully requests that he be awarded the following relief: (a) back wages; (b) front wages; (c) unliquidated damages; (d) liquidated damages; (e) damages arising from emotional distress, pain and suffering, and loss of reputation; (f) immediate reinstatement or wages in lieu of reinstatement in the event that reinstatement is not feasible; (f) reasonable attorneys' fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JAVAN CAMPBELL, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 10th day of March 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 10th day of March 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: